1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                        DISTRICT OF NEVADA

8                                   * * *
                                    )
9   SANDRA L. BURNS,                )
                                    )
10              Plaintiff,          )        3:11-cv-0001-LRH-VPC
                                    )
11   v.                             )
                                    )        ORDER
12   OCWEN SERVICING,               )
                                    )
13              Defendant.          )
                                    )
14   _____ )

15          Before the court is defendant Ocwen Servicing's ("Ocwen") motion to dismiss. Doc. #4.[1]

16   Plaintiff Sandra Burns ("Burns") filed an opposition (Doc. #9) to which Ocwen replied (Doc. #15).

17          Also before the court is Burns's objection to removal which the court shall construe as a

18   motion to remand. Doc. #11.

19   **I.      Facts and Procedural History**

20          In October, 2006, Burns purchased real property through a mortgage note and deed of trust

21   executed by non-party WMC Mortgage. Eventually, Burns defaulted on the mortgage note and

22   Ocwen, as the subsequent loan servicer, initiated non-judicial foreclosure proceedings on the

23   property.

24          Subsequently, Burns filed a complaint in state court against defendants alleging five causes

25

26
       _____
       [1] Refers to the court's docket entry number.

1  of action: (1) breach of contract; (2) negligence; (3) negligence per se; (4) breach of fiduciary duty;

2  and (5) quiet title. Doc. #1, Exhibit A. Ocwen removed the action to federal court based upon

3  diversity jurisdiction. Doc. #1. Thereafter, Ocwen filed the present motion to dismiss. Doc. #4.

4  **II.     Motion to Remand**

5      **A.  Legal Standard**

6          Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district

7  courts of the United States have original jurisdiction, may be removed by the defendant or the

8  defendants, to the district court of the United States for the district and division embracing the

9  place where such action is pending." 28 U.S.C. § 1441(a).

10         Removal of a case to a United States district court may be challenged by motion. 28 U.S.C.

11  § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal

12  statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock*

13  *Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566

14  (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against

15  removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67;

16  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

17      **B.  Discussion**

18         A district court has original jurisdiction over civil actions where the suit is between citizens

19  of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

20  28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of

21  the parties in interest properly joined and served as defendants is a citizen of the state in which such

22  action is brought." 28 U.S.C. § 1441(b).

23         Here, there is complete diversity between the parties because Burns is a Nevada resident

24  and Ocwen is a Delaware corporation. Further, Burns concedes that the parties are diverse for

25  purposes of jurisdiction. *See* Doc. #11. Therefore, the court finds that there is complete diversity

26

2

1    between the parties and that the exercise of diversity jurisdiction is appropriate. Accordingly, the

2    court shall deny Burns's objection to removal.

3    **III.    Motion to Dismiss**

4         **A.  Legal Standard**

5         Defendant Ocwen seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for

6    failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure

7    to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice

8    pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir.

9    2008). That is, a complaint must contain "a short and plain statement of the claim showing that the

10   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not

11   require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a

12   formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S.

13   Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

14        Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

15   accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting

16   *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows

17   the court to draw the reasonable inference, based on the court's judicial experience and common

18   sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility

19   standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

20   defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

21   defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

22   relief." *Id.* at 1949 (internal quotation marks and citation omitted).

23        In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

24   true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

25   the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

26

3

1    *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

2    (internal quotation marks omitted). The court discounts these allegations because "they do nothing

3    more than state a legal conclusion—even if that conclusion is cast in the form of a factual

4    allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to

5    dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

6    plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

7        **B.  Discussion**

8            **1. Breach of Contract**

9        To prevail on a breach of contract claim, a plaintiff must demonstrate: (1) the existence of a

10   valid contract; (2) a breach by the defendant; and (3) damages resulting from defendant's breach.

11   *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006); *Brown v. Kinross Gold*

12   *U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008).

13       Here, Burns alleges that Ocwen breached a loan modification agreement when Ocwen

14   proceeded with non-judicial foreclosure proceedings. However, Burns acknowledges in her

15   opposition that there was no actual contract between her and Ocwen and no approved loan

16   modification agreement. Absent a contract, there can be no breach. *See Saini*, 434 F. Supp. 2d at

17   919. Therefore, the court finds that Burns has failed to state a claim for breach of contract.

18           **2. Negligence**

19       In order to allege a claim for negligence, a plaintiff must show: (1) a duty owed by

20   defendants to plaintiff; (2) a breach of that duty by defendants; (3) causation; and (4) damages. *See*

21   *Hammerstein v. Jean Dev. W.*, 907 P.2d 975, 977 (Nev. 1995). A trustee owes a "duty to conduct

22   the foreclosure sale fairly, openly, reasonably, and with due diligence and sound discretion to

23   protect the rights of all parties." *Hatch v. Collins*, 225 Cal.App.3d 1104, 1111 (1990).

24       Burns alleges that Ocwen breached its duty to her to abide by the terms of a loan

25   modification agreement and forestall the non-judicial foreclosure proceedings. However, Ocwen

26

1  did not owe Burns a duty to stop the foreclosure proceedings because there was no loan

2  modification agreement between her and Ocwen. Absent a duty, there can be no breach. *See A.C.*

3  *Shaw Constr. v. Washoe County*, 784 P.2d 9, 10 (Nev. 1989). Therefore, the court finds that Burns

4  has failed to state a claim for negligence against Ocwen.

5  **3. Negligence Per Se**

6  In order to establish a claim for negligence per se, a plaintiff must show: (1) that he belongs

7  to a class of persons that a statute was intended to protect; (2) defendants violated the statute; (3)

8  the violation was the cause of plaintiff's injuries; (4) plaintiff's injuries were the type which the

9  statute was designed and intended to protect; and (5) damages. *See Anderson v. Baltrusaitis*, 944

10  P.2d 797, 799 (Nev. 1997).

11  Here, Burns fails to state which specific statute Ocwen violated. Moreover, Burns neither

12  alleges how Ocwen violated the statute nor that she falls within the identified class that is protected

13  by the unknown statute. Accordingly, Burns fails to state a claim for negligence per se.

14  **4. Breach of Fiduciary Duty**

15  Generally, a loan servicer or lender does not owe a borrower a fiduciary duty. *See Yerington*

16  *Ford, Inc. v. Gerard Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1092 (D. Nev. 2004); *see also*

17  *Cascade Investments, Inc. v. Bank of America, N.A.*, 2000 WL 1842945, *2-3 (D. Nev. 2009).

18  Absent a duty, there can be no breach. *A.C. Shaw Constr.*, 784 P.2d at 10. Accordingly, Burns's

19  claim for breach of a fiduciary duty fails to state a claim upon which relief can be granted.

20  **5. Quiet Title**

21  Under Nevada law, a quiet title action is a remedy which may be brought by someone who

22  claims an adverse interest in property. NRS 40.010. Here, Burns does not have any actionable

23  claims against Ocwen which would quite title in her name if she was successful. Therefore, Burns

24  has no grounds to quiet title against Ocwen.

25  ///

26

1       IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #4) is

2  GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.

3       IT IS FURTHER ORDERED that defendant Ocwen Servicing shall have ten (10) days after

4  issuance of this order to file an appropriate order expunging the lis pendens and submit the same

5  for signature.

6       IT IS FURTHER ORDERED that plaintiff's objection to removal (Doc. #11) is DENIED.

7       IT IS SO ORDERED.

8       DATED this 27th day of April, 2011.

9

10      _____

11      LARRY R. HICKS
        UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6